NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL A. HAGAN,                         )
                                          )
          Appellant,                      )
                                          )
v.                                        )          Case No. 2D14-1100
                                          )
STATE OF FLORIDA,                         )
                                          )
          Appellee.                       )
_____)

Opinion filed March 16, 2016.

Appeal from the Circuit Court for Polk
County; John K. Stargel, Judge.

Howard L. Dimmig, II, Public Defender,
and Terrence E. Kehoe, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa,
for Appellee.

SILBERMAN, Judge.

          Michael A. Hagan seeks review of his judgment and sentences for

tampering with evidence and second-degree murder.  We affirm Hagan's convictions

without comment.  As for Hagan's challenge to his sentences, we reverse for the sole

purpose of amending the sentences to reflect the relief granted pursuant to his motion

to correct sentencing error.

At the sentencing hearing, the trial court orally pronounced sentences of life in prison with a twenty-five-year mandatory minimum for second-degree murder and five years in prison for tampering with evidence. The court imposed the life sentence consecutive to the five-year sentence. However, the written sentence reverses the designation and imposes the five-year sentence consecutive to the life sentence. After the notice of appeal was filed, Hagan filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b) in which he argued that the written sentence fails to comport with the court's oral pronouncement. The trial court granted relief on this basis and ordered that the written sentence be corrected to designate the life sentence as consecutive to the five-year sentence. Despite these directions, an amended sentence has not yet been entered. Accordingly, we reverse and remand for the entry of an amended sentence reflecting the relief granted.

Affirmed in part, reversed in part, and remanded.

LaROSE and LUCAS, JJ., Concur.